UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWINA FIELDS

versus

DEPARTMENT OF PUBLIC SAFETY
ELAYN HUNT CORRECTIONAL
CENTER

CIVIL ACTION

NO. 11-101-JWD-RLB

## RULING ON MOTIONS IN LIMINE

This matter comes before the Court on the Motion in Limine (Doc. 94); the Clarification of Motion in Limine (Doc. 111); and a separate list of objections to certain of Plaintiff's exhibits (Doc. 115) filed by Defendant Department of Public Safety and Corrections ("Defendant") as well as Plaintiff's Motion in Limine (Doc. 114). The motions are opposed. Oral argument is not necessary.

For the reasons stated below, the Defendant's Motion in Limine (Doc. 94) and objections are granted in part and denied in part, and Plaintiff's Motion in Limine (Doc. 114) is denied.

*A. Background*

After the Court's ruling on Defendant's Motion for Summary Judgment (Doc. 82), Plaintiff is left with the following claims to pursue at trial: First, her allegation that she received disparate treatment because of her race and gender in two specific instances: a) Defendant's failure to transfer her *to* the 24 hour Unit Ward and b) Defendant's failure to transfer her *from* the HSU and D-1 Cellblocks. Plaintiff's second remaining claim is that she was subjected to a hostile work environment in three ways: a) Lt. Col. Jackson allegedly moved her desk so that an inmate could more easily masturbate in front of her; b) Plaintiff was allegedly told to stop writing Rule 21 violations; and c) she was exposed generally to watching inmates masturbate and having them do so on her.

Plaintiff has filed a Motion In Limine to Exclude the admission of Defendant's Exhibit 20 arguing that after the Court's Ruling on one of her claims, the exhibit (a tape recorded interview of the Plaintiff) is no longer relevant and is inadmissable or, alternatively should only be allowed for impeachment. (Doc. 114) Defendant seeks to exclude portions of the same exhibit but seeks to admit other portions. (Docs 94, 94-1 and 111) Defendant has filed a Motion in Limine to exclude other evidence that it contends is irrelevant to the remaining claims and therefore inadmissable. (Docs. 94, 94-1 and 111). Defendant has filed a separate list of objections to certain of Plaintiff's exhibits. (Doc. 115).

*B. Exhibit 20 - The Audio Tape*

Exhibit 20 is audio tape recording of an interview Plaintiff gave to representatives of the Defendant in connection with Plaintiff's allegation that her supervisor sexually harassed her by asking her whether she was in her menstrual period. During that interview, she was asked about that allegation but, in addition, other matters were discussed.

Plaintiff argues that the allegation regarding her supervisor's menstrual period question is no longer relevant since the Court granted Defendant's motion for summary judgment on this point. Plaintiff argues in addition that the tape is unnecessary because the parties to the conversation will testify about it but, in the alternative, the tape should be allowed only for impeachment. Defendant agrees that the tape is irrelevant as to that part of the tape that deals with the menstrual period but argues that other portions bear on the remaining allegations Plaintiff continues to pursue.

The Court finds that those portions of the tape dealing with Col. Jackson's question about Plaintiff's period is inadmissible. As to the other parts of the tape identified by Defendant in Doc. 111, p. 2, these are relevant to Plaintiff's remaining claims and Defendant certainly may use those portions of the tape to attempt to impeach Plaintiff's testimony (Fed. R. Evid. 801(d)(1)(A)).

As to the tape's introduction for purposes other than impeachment, Plaintiff does not argue that the tape is not authentic or that she did not make the statement. Rather, she argues that the same information contained in the tape is available through other witnesses. The Court finds that this is not a ground for excluding otherwise relevant evidence. The Plaintiff does not argue that the tape is hearsay and correctly so. Fed. R. Evid. 801(d)(2)(A). Thus, as long as the tape is properly authenticated and identified and is limited to those portions identified in Doc. 111, p. 2, Plaintiff's Motion to Exclude Defendant's Exhibit 20 is denied.

*C. Evidence Regarding Stricken Claims*

For reasons stated in its ruling (Doc. 82), the Court granted in part Defendant's Motion for Summary Judgment and dismissed the following claims:

1. Plaintiff's claims that she was discriminated against by not receiving awards;
2. Plaintiff's claim that she was discriminated against based on Defendant's handling of her Rule 21 violation lodged against James Maryland;
3. The transfer of Lt. Tina Lacost from Cellblock D-1; and
4. The comment or question made by Plaintiff's supervisor regarding her menstrual period.

Defendant moves that evidence regarding those claims be stricken and disallowed because such evidence is no longer relevant to any issue in the case. (Docs 94 and 94-1) Plaintiff argues that this evidence continues to be relevant to the remaining claims to show, among other things, Plaintiff's "story" and, further, helps demonstrate both a hostile work environment and a "pattern and practice" of discrimination. (Doc. 113).

The Court finds that the evidence surrounding these dismissed claims is not relevant to Plaintiff's remaining claims but, to the extent that it might be, its probative value is far out weighed by its prejudicial effect. (Fed. R. Evid. 403) Therefore the Court grants the Defendant's Motion in

Limine in this regard.

*D. Evidence Regarding the Experience of Plaintiff's Co-Employees*

Defendant moves to exclude as irrelevant and potentially confusing and prejudicial 1) the disciplinary history of Plaintiff's co-employees, 2) any alleged adverse employment actions against Lt. Donald Johnson; 3) the EEOC Complaint filed by Erica Wilson, 4) the demotions of other employees at Defendant's facility. Plaintiff argues that these items are relevant to demonstrate the hostile work environment to which she was exposed, the "context" of the actions taken against her and, further, represent a "pattern and practice of discrimination."

1. Disciplinary History of Co-Employees

The Court agrees with Plaintiff that Defendant's argument is unclear as to exactly what evidence it is trying to exclude. Generally, evidence of the experience of workers other that the Plaintiff would be irrelevant and inadmissible but it is difficult to assess possible relevance and admissibility without knowing specifically what evidence is being referred to. The Court provisionally denies this part of Defendant's motion subject to reconsideration at the time the information is sought to be introduced. However, Plaintiff is counseled not to mention this evidence in opening statement or otherwise unless and until introduced.

2. Adverse Employment Actions Against Lt. Donald Johnson, EEOC Complaints of Erica Wilson and Lt. Donald Johnson and Demotions of Lt. Donald Johnson, Lt. Col. Freddie Jackson and Lt. Schwanda Harvey.

It is true that, in a case alleging employment discrimination and a hostile work environment, "context matters" and the significance of the employer's conduct "will often depend on the particular circumstance."[1] However, the offered evidence supplying "context" needs to be relevant

---

[1] *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006). While the quoted language was made in connection with a retaliation claim, it is equally true in claims such as the one before the Court.

to an issue before the jury - in this case: why Plaintiff was (and was not) transferred, why her desk was moved, whether and why she was exposed to inmate masturbation and whether and why she was counseled not to issue Rule 21 write-ups.

Plaintiff argues that the evidence in question shows a pattern or practice. Fed. R. Evid. 406 allows this kind of evidence under strict guidelines of sufficient similarity to the conduct in question and sufficient numerosity of the conduct such that the conduct can fairly be characterized as "habit" or "routine practice". It appears from the limited information provided in briefing that the requirements of Rule 406 will be difficult to meet but it is impossible for the Court to rule on the motion without more information regarding the details of what is alleged. The Court provisionally grants Defendant's motion to the extent that this information will not be allowed to be mentioned in opening statements but Plaintiff will be allowed, outside the presence of the jury, to attempt to lay a sufficient foundation for the introduction of this evidence at trial.

*E. Conclusion*

For the reasons stated above, Defendant's Motion in Limine (Doc. 94) and objections (Doc. 115) are granted in part and denied in part, and Plaintiff's Motion in Limine (Doc. 114) is denied.

Signed in Baton Rouge, Louisiana, on <u>November 29, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**