UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWINA F. FIELDS

v.

DEPARTMENT OF PUBLIC SAFETY
ELAYN HUNT CORRECTIONAL
CENTER

CIVIL ACTION

NO. 11-101-JWD-RLB

**RULING AND ORDER**

This matter came before the Court on the Motion to Vacate Jury Award of Compensatory and Punitive Damages, or in the Alternative, Motion for New Trial on Limited Issue of Damages or Remittitur (R.Doc. 135) and the Motion to Request Judicial Notice of Prior Ruling on Motion to Dismiss (R.Doc. 146), both of which were filed by the Defendant, State of Louisiana, Department of Public Safety and Corrections. Plaintiff Edwina Fields opposes the motions. (R.Docs. 136 & 149).

Having carefully considered the law, facts, and arguments of the parties, the Court grants the Defendants' motions. The jury awards of compensatory and punitive damages are vacated, and the Court will enter a judgment finding that the Defendant is not liable to the Plaintiff for any damages.

**I. Factual and Procedural Background**

Plaintiff, an African-America female, brought suit under Title VII alleging that she was discriminated against by the Defendant on the basis of her sex and race. Plaintiff was employed by the Defendant as a guard at Elayn Hunt Correctional Center.

On November 27, 2012, this Court granted in part Defendant's motion to dismiss. (See R.Doc. 21 & *Fields v. Department of Public Safety*, 911 F.Supp.2d 373 (M.D.La. 2012)). In that

ruling, the Court dismissed, among other claims, the Plaintiff's claim for punitive damages under Title VII. The Court explained:

> [Title VII] precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions:
>
>> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.
>
> 42 U.S.C. § 1981a(b) (emphasis added). Therefore, Plaintiffs claims for punitive damages under the ADA and Title VII are dismissed.

*Fields,* 911 F.Supp.2d at 386.

Later, the Defendant filed a motion for summary judgment (R.Doc. 47), and the Court granted in part Defendant's motion. (See R.Doc. 82 & *Fields v. Department of Public Safety,* No. 11-101, 2014 WL 5801460 (M.D.La. Nov. 6, 2014)).[1] After this ruling, Plaintiff's remaining claims consisted of (1) claims for disparate treatment for Defendant's alleged failure to transfer her to the 24-hour Unit Ward and failure to transfer her out of the HSU and D1 Cellblocks, and (2) claims for a hostile work environment for Lt. Col. Jackson allegedly moving her desk so that a prisoner could more easily masturbate, for the officers' alleged request to stop writing Rule 21 violations, and for being exposed generally to watching inmates masturbate and having them do so on her. These remaining issues were tried on December 1 through 4, 2014.

On the jury verdict form (R.Doc. 131), the jury found that the Defendant was not liable on Plaintiff's disparate treatment claim. Specifically, while the jury found that the Plaintiff suffered an "adverse employment decision" when the Defendant denied her a transfer to the 24 Hour Unit or denied her a transfer out of the HSU and D1 Cell Blocks (See Interrogatory No. 1)

---

[1] This ruling reflects the law governing liability in this matter, which need not be repeated here.

and that the Plaintiff proved that the assignment she requested was "objectively better" than her existing assignment (See Interrogatory No. 2), the jury found that the Plaintiff failed to prove that she applied for and was qualified for a position for which the Defendant was seeking applicants (See Interrogatory No. 3), as required for a finding of liability under *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). After answering this question, the jury correctly followed the instructions and skipped the remaining questions related to the disparate treatment claim.

The jury also found no liability on the Plaintiff's sexual harassment claim. Specifically, the jury found that Plaintiff failed to prove that she was sexually harassed by her supervisor Lt. Col. Jackson by his alleged repositioning of the desk (See Interrogatory No. 10) and that the Plaintiff failed to prove that she was sexually harassed by her supervisors Lt. Donald Johnson and/or Captain Childs by their alleged instructions to the Plaintiff to no longer write up Rule 21 violations. (See Interrogatory No. 11). While the jury found that Fields was harassed by prisoner inmates because of her sex (See Interrogatory No. 12) and that the Defendant knew or should have known about the harassment (See Interrogatory No. 13), the jury found that the Defendant did not encourage, endorse, or instigate the inmates' harassing requirement, as required for a finding of liability. *See Fields,* 2014 WL 5801460, at *9-*10. Thus, the jury found that the Defendants committed no Title VII violations.

Despite the finding of no liability, the jury awarded $120,000.00 in compensatory damages (See Interrogatory No. 16). Further, even though the Court previously dismissed the Plaintiff's claim for punitive damages, the issue was inadvertently submitted to the jury without objection from the parties. Although the jury found no liability on the Title VII claims, they also found that the Defendant "acted with malice or reckless disregard to Plaintiff['s] … rights" (See

Interrogatory No. 19), found that the Plaintiff "should be awarded punitive damages" (Id.), and awarded an additional $120,000.00 (See Interrogatory No. 20).

Defendants filed the instant motions (1) to vacate the award of compensatory and punitive damages because of the seeming inconsistency of the verdict and (2) to request that the Court take judicial notice of its earlier ruling dismissing the punitive damage claim.

## II. Discussion

### A. Compensatory Damages

Fed.R.Civ.P. 49(b)(3), entitled "Answers Inconsistent with the Verdict," provides:

> When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:
>
> (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;
>
> (B) direct the jury to further consider its answers and verdict; or
>
> (C) order a new trial.

The Fifth Circuit has explained:

> Because the [S]eventh [A]mendment guarantees the right to jury trial, courts must when possible reconcile apparently conflicting answers to special interrogatories in order to validate the jury verdict. Only if no way to reconcile answers exists are they inconsistent. The test is whether the jury's answers can be said to represent a logical and probable decision on the relevant issues as submitted.

*Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 842 (5th Cir. 1991) (citations and internal quotations omitted).

In *Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133 (5th Cir. 1973), the Fifth Circuit applied Rule 49(b) to a situation similar to the one in this case. In *Nimnict*, the jury, in answering certain interrogatories, found that the vessel was not unseaworthy and that the employer was not negligent. The jury nevertheless awarded $13,500 in damages. The district court, acting under

4

the authority of Rule 49(b), entered a judgment in favor of the defendants. The plaintiff moved for a new trial on the grounds that the inconsistent verdicts reflected confusion by the jury. The district court denied the motion.

The Fifth Circuit affirmed. In reaching its decision, the appellate court explained, "This case presents a situation in which the answers to the special interrogatories were consistent with each other but inconsistent with the findings as to the quantum of damages." *Id.* at 135. After reviewing the Court's options under Rule 49(b), the Fifth Circuit stated that the district court had no choice but "to enter judgment in accordance with the special answers, notwithstanding the general verdict" and to hold, "in effect, that the answers to the special interrogatories inexorably negated the award of damages." *Id.* The Fifth Circuit concluded, "In the absence of unseaworthiness or negligence, damages could not be awarded. The jury should not have responded to Interrogatory No. 11. The fact that it mistakenly did so could not change the answers to the prerequisite questions, upon which any damages at all had to live or die." *Id.*

Similarly, in *Moore v. Maritime Overseas Corp*, 736 F.2d 146, 147 (5th Cir. 1984), the jury returned a verdict on special interrogatories finding that the defendant was not guilty of negligence and that the vessel was not unseaworthy, yet the jury proceed to answer an interrogatory concerning the amount of money that would compensate the plaintiff for his "injury." In affirming the trial court's dismissal of the action, the Fifth Circuit found no inconsistent verdict and rejected the Plaintiff's argument that "it was clearly the 'intent' of the jury to award plaintiff a recovery of $20,000." *Id.* at 147. The Fifth Circuit explained:

> This contention [by the plaintiff] requires reading far more into the jury verdict than actually is there. The jury was asked as a neutral matter the amount of money that would "compensate" [plaintiff] Moore for his "injury." The issue was not conditioned in any way upon a finding that [Defendant] Maritime Overseas Corp. was responsible for the injury. All the answer to the special issue did was establish the amount of damages if the jury had found that defendant was

5

> responsible either under the Jones Act or under general maritime law. The jury responses with respect to defendant's responsibility are unequivocal, and there is no conflict. The case of *Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133 (5th Cir.1973), clearly is controlling.

*Id.* at 147.

The Fifth Circuit reached the same result in *Cena v. Hedrick*, 31 Fed.Appx. 838 (5th Cir. 2002). There, in a § 1983 action, the jury had found that the defendants did not apply excessive force, were entitled to qualified immunity on a false-arrest claim, and were not liable under Louisiana law. But the jury still awarded compensatory damages. The magistrate judge entered judgment as a matter of law in favor of the defendants.

On appeal, the plaintiff argued that the jury's responses to the interrogatories were "inconsistent and irreconcilable, thus precluding entry of judgment in favor of the defendants." *Id.* at *1. In affirming, the Fifth Circuit explained that, "in the absence of any liability on the part of the defendants, there can be no award of damages." *Id.* (citing *Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133, 135 (5th Cir.1973)). The Fifth Circuit further stated that "[t]he fact that the jury, in all likelihood, simply erred in answering the damage interrogatory does not call into question the validity of the answers to the prerequisite liability questions which were answered in favor of the defendants." *Id.* (citing *Nimnicht*, 477 F.2d at 135).

The same reasoning applies here. As demonstrated above, the jury's interrogatories clearly reflect that they found no Title VII violation on Plaintiff's claims of disparate treatment and sexual harassment. The fact that the jury unnecessarily answered the questions regarding damages does not render the jury verdict irreconcilably inconsistent.

Thus, in accordance with Rule 49(b), *Nimnicht*, and its progeny, the Court will approve, for entry under Rule 58, an appropriate judgment according to the answers to the special

interrogatories, notwithstanding the general verdict. This judgment shall be in favor of the Defendant and against the Plaintiff, awarding no compensatory damages.

**B. Punitive Damages**

The same reasoning used in vacating the award of compensatory damages is equally applicable to vacating the punitive damage award. Logically, the Plaintiff cannot recover punitive damages for an egregious Title VII violation if there was in fact no Title VII violation.

The plain language of the statute supports this. 42 U.S.C. § 1981a(b)(1) provides that a party can recover punitive damages in a Title VII action "if the complaining party demonstrates that the respondent *engaged in a discriminatory practice or discriminatory practices* with malice or with reckless indifference to the federally protected rights of an aggrieved individual." (emphasis added). Without a finding of a "discriminatory practice," there can be no punitive damage award.

Finally, the Court accurately determined on November 27, 2012, that government entities cannot be liable for punitive damages under Title VII under 42 U.S.C. § 1981a(b)(1). The Court will not contravene this law or its prior ruling, despite inadvertently submitting the issue to the jury. Accordingly, the punitive damage award is vacated.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that the Motion to Vacate Jury Award of Compensatory and Punitive Damages, or in the Alternative, Motion for New Trial on Limited Issue of Damages or Remittitur (R.Doc. 135) and the Motion to Request Judicial Notice of Prior Ruling on Motion to Dismiss (R.Doc. 146) are **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to Fed.R.Civ.P. 49(b)(3), the jury verdict awarding Plaintiff Edwina Fields $120,000.00 in compensatory damages and $120,000.00 in punitive damages is hereby **VACATED**; and

**IT IS FURTHER ORDERED** that the Court enters judgment in favor of the Defendant, State of Louisiana, Department of Public Safety and Correction, and against the Plaintiff, awarding Plaintiff no compensatory or punitive damages.

Signed in Baton Rouge, Louisiana, on March 30, 2015.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**